UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRUNO ERNST,
   Plaintiff,

vs.                                    No. 08-1333

MARCUS HARDY, et al.,
   Defendants.

## CASE MANAGEMENT ORDER #1

This cause is before the court for consideration of the Defendant Marcus Hardy's motion for summary judgement. [d/e 28]

### I. BACKGROUND

The plaintiff, Bruno Ernst, originally filed his complaint against Defendant Marcus Hardy and Sylvia Malone pursuant to 42 U.S.C. §1983 on November 14, 2008. [d/e 1] On December 4, 2008, the court ordered the clerk of the court to strike the original complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. December 4, 2008 Court Order. The plaintiff was given instructions to follow for filing an amended complaint. *Id.*

On December 22, 2008, the court conducted a merit review of the plaintiff's amended complaint and found that the plaintiff had adequately alleged that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. December 22, 2008 Merit Review Order. Specifically, the plaintiff says he was injured after an altercation with other inmates, but has not received medical treatment. In addition, the plaintiff says he is a diabetic and has not received medication.

The defendants have filed a motion for summary judgement alleging that the plaintiff has not exhausted his administrative remedies. [d/e 28] On February 23, 2009, the clerk of the court sent the plaintiff notice of the dispositive motion and reminded him that he had 21 days to file a response. [d/e 29]. The plaintiff has failed to respond to the motion.

### II. FACTS

The following facts are taken from Defendant Hardy's motion for summary judgement.

Sherry Benton is the Chairperson of the Administrative Review Board (herein ARB) and has reviewed the records of the board for any grievances filed by the plaintiff concerning his medical care. (Def. Memo, Benton Aff. p. 1, 3).

1

The plaintiff first submitted a grievance on September 15, 2008 and his counselor responded on September 29, 2008. The plaintiff then sent the grievance to the ARB where it was received on October 28, 2008. The defendants do not clarify whether the plaintiff had completed the grievance process at the institution prior to sending it to the board. Nonetheless, Benton says the ARB returned the grievance to the plaintiff on January 8, 2009. The board told the plaintiff it could not address his grievance because it did not cite to any specific information such as the date of his injury or the dates of his visits to the Health Care Unit. The grievance also did not name Warden Hardy.

Benton says the plaintiff also filed an emergency grievance on November 23, 2008 while he was still waiting for a response for the ARB on his first grievance. One day later, the Chief Administrative Officer informed the plaintiff that his grievance was not considered an emergency, and he would have to submit his grievance through the normal procedures. (Def. Memo, Benton Aff., p. 3). Instead, the plaintiff appealed the grievance directly to the ARB. The board received the grievance on December 16, 2008 and on January 5, 2009, returned the grievance to the plaintiff telling him he must got through the proper procedures. (Def. Memo, Benton Aff., p. 3).

### III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56c. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*,

924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

IV.  ANALYSIS

The defendant argues that the plaintiff has failed to demonstrate that he has exhausted his administrative remedies as required before filing his lawsuit. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

> The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is
> the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v Bock,* 549 U.S. 199, 218 (2007)

The grievance procedure applicable to the Illinois Department of Corrections is set forth under Title 20 of the Illinois Administrative Code, Sections 504.800-504.850.  Here are the stated requirements as of  May 1, 2003:

> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of the individual are not know, but the offender must include as much descriptive information about the individual as possible. 20 Ill.Admin.Code §504.810(b).

If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal

court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

Exhaustion of administrative remedies is an affirmative defense. Therefore, the burden of demonstrating a plaintiff failed to exhaust his administrative remedies rests with the defendants. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999). In addition, any factual disputes concerning exhaustion are to be resolved by the court, not a jury. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir.2008).

In this case, the plaintiff has failed to respond to the summary judgement motion. The only evidence before the court demonstrates that the plaintiff did not exhaust his administrative remedies as required. The plaintiff did not follow the proper procedures, and had not received any response from the ARB before he chose to file this lawsuit on November 14, 2008.

IT IS THEREFORE ORDERED that:

1) Defendant Hardy's motion for summary judgement is granted pursuant to Fed. R. Civ. p. 56. [d/e 28]. Defendant Hardy is terminated from this lawsuit.

2) The court notes that Defendant Mahone's answer to the complaint also lists failure to exhaust administrative remedies as an affirmative defense. [d/e 33] Exhaustion is an initial requirement that should be addressed sooner rather than later. Therefore, if Defendant Mahone believes the plaintiff has failed to exhaust his administrative remedies for his claim against her, she must file a motion for summary judgement on this issue within the next 30 days or the court may find that the defendant has waived this affirmative defense.

Entered this 13th Day of April, 2009.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE