UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRUNO ERNST,
   Plaintiff,

vs.                               No. 08-1333

ASSISTANT WARDEN HARDY, et.al.,
   Defendants

<u>SUMMARY JUDGEMENT ORDER #2</u>

This cause is before the court for consideration of Defendant Mahone's motion for summary judgement [d/e 53]

### I. BACKGROUND

The pro se plaintiff filed this action pursuant to 42 U.S.C. 1983 claiming that his constitutional rights were violated . After merit review of the plaintiff's amended complaint, the court found that the plaintiff had stated the following claim: Defendants Marcus Hardy and Sylvia Mahone were deliberately indifferent to his serious medical conditions in violation of the Eighth Amendment. December 22, 2008 Merit Review Order.

On April 13, 2009, the court dismissed the claims against Defendant Hardy. *See* April 13, 2009 Case Management Order. The defendant claimed the plaintiff had not exhausted his administrative remedies for his claim and the plaintiff failed to file a response.

Defendant Mahone has now filed a similar motion for summary judgement. The plaintiff was notified that a dispositive motion had been filed [d/e 54], but again failed to file a response.

### II. FACTS

Since the plaintiff did not respond to the statement of undisputed facts, the following facts were taken from the defendant's motion.

Sherry Benton is the Chairperson of the Office of Inmate Issues. (Def. Memo, Benton Aff., p. 1) Benton says she has searched the records of the Administrative Review Board (herein ARB). The records reveal that the plaintiff mailed a grievance to the office on November 23, 2008 which was received on December 16, 2008. The plaintiff was complaining that Dr. Mahone was refusing to provide him pain pills. (Def. Memo, Benton Aff., p. 12)

On January 5, 2009, a letter was sent to the plaintiff advising him that he must also send a

1

grievance officer's report before the ARB could review a grievance. All paperwork was returned to the plaintiff. "To date, this office has yet to receive a finalized grievance from Offender Ernst on this issue..." (Def. Memo, Benton Aff., p. 12).

### III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

### IV. ANALYSIS

The defendants argue that the plaintiff failed to exhaust his administrative remedies before he filed his lawsuit. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

> If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

The defendants have provided evidence that the plaintiff did not follow the proper procedures and did not fully exhausted his administrative remedies before filing this lawsuit. The plaintiff has failed to file a response to the motion. The court notes that despite repeated warnings that the plaintiff should not file random letters or affidavits with the court, the plaintiff has continued to file various affidavits. [ d/e 57, 59, 60, 61]. The court has reviewed these documents and none address the issue of exhaustion of administrative remedies. The motion for summary judgement is therefore granted.

**IT IS THEREFORE ORDERED that:**

**1) The defendant's motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 53] The clerk of the court is directed to enter judgment in favor of the defendant in accordance with this order. The parties are to bear their own costs. This case is terminated. All other pending motions are denied as moot. [d/e 56, 58, 64, 66]**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)c. If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding**

3

monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 16th day of February, 2010.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE